## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| FREDRICK HALL, and all those similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 17-cv-241 |
| v. | ) ) | CLASS ACTION |
| NATIONAL CHECK RESOLUTION INC., and NATIONAL CHECK RESOLUTION INC. d/b/a US RECOVERY SERVICES LLC, | ) ) ) ) | JURY DEMAND |
| Defendants. | ) ) | |

## COMPLAINT

COMES NOW Plaintiff Fredrick Hall, by and through counsel, in the above styled cause, and states her Complaint as follows:

## PARTIES

1.      Plaintiff Fredrick Hall is a resident of Mobile County, Alabama, over 19 years of age, and is competent to bring this action.

2.      Defendant National Check Resolution Inc (hereinafter, "NCR") is incorporated in Georgia with its principal place of business located in Lawrenceville, Georgia and was doing business in Mobile County, Alabama at all times material to this Complaint.

3.      Defendant National Check Resolution Inc d/b/a US Recovery Services LLC ("US Recovery") is incorporated in Georgia with its principal place of business located in Lawrenceville, Georgia and was doing business in Mobile County, Alabama at all times material to this Complaint.

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331.

5.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a

substantial portion of the facts and circumstances that give rise to the cause of action occurred in this

District.

## FACTUAL ALLEGATIONS

6.      An injury-in-fact, as required by Article III, "may exist solely by virtue of statutes

creating legal rights, the invasion of which creates standing . . . ." *Havens Realty Corp. v. Coleman*,

455 U.S. 363, 373 (1982); *see also Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, D.D.S., P.A., 781

F.3d 1245, 1251 (11th Cir. 2015) (stating same).

7.      "The FDCPA creates a private right of action, which [plaintiff] seeks to enforce."

*Church v. Accretive Health, Inc.,* No. 15-15708, (11th Cir. July 6, 2016) (unpublished).

8.      The Act requires debt collectors to not falsely represent the character, amount, or

legal status of any debt. 15 U.S.C. 1692e(2); *see also Church v. Accretive Health, Inc.,* No.

15-15708, (11th Cir. July 6, 2016) (unpublished) ("The Act requires that debt collectors include

certain disclosures in an initial communication with a debtor, or within five days of such

communication. See 15 U.S.C. § 1692e(11); 1692g(a)(1)- (5).").

9.      "The FDCPA authorizes an aggrieved debtor to file suit for a debt collector's failure

to comply with the Act. See 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with

any provision of this subchapter with respect to any person is liable to such person . . . ."). *Church*

*v. Accretive Health, Inc.,* No. 15-15708, (11th Cir. July 6, 2016) (unpublished).

10.     "Thus, through the FDCPA, Congress has created a new right-the right to receive the

required disclosures in communications governed by the FDCPA-and a new injury-not receiving such

disclosures." *Church v. Accretive Health, Inc.,* No. 15-15708, (11th Cir. July 6, 2016) (unpublished).

11.     The protections of 15 U.S.C. Section 1692e(11) provide consumers with a congressionally established right to basic information about the identity of the party contacting them. Violations of this right constitute concrete informational injuries under Article III.

12.     A violation of the disclosure requirement of 15 U.S.C.1692g(a)(1)- (5) is a concrete injury in fact in that it is a denial of access to information and a violation of an informational right constituting concrete informational injuries under Article III.

13.     The violations of these statutes is a non-speculative, concrete injury for which the FDCPA provides relief to the aggrieved party.

14.     Plaintiff is a "consumer" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(3).

15.     Defendants NCR and US Recovery are each a "debt collector"  for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(6).

16.     Defendants NCR and US Recovery engaged in "communications" with Plaintiff for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(2).

17.     Defendants NCR and US Recovery engaged in communications with Plaintiff for the purpose of collecting a "debt" as defined in the FDCPA at 15 U.S.C. §1692a(5).

18.     The debt Defendants NCR and US Recovery have attempted to collect from Plaintiff is a purported debt of Plaintiff.

19.     Defendant US Recovery was/is an agent of Defendant NCR and both Defendants collected and/or attempted to collect on a purported debt of Plaintiff under a contract between the

two entities.

20.     Defendant US Recovery acted under the actual or apparent authority of Defendant NCR when it sent collection letters to Plaintiff to collect upon purported debts owed by Plaintiff on behalf of and for the benefit of Defendant NCR.

21.     Defendant NCR has received benefit from its agent's, Defendant US Recovery actions when it has received money from debtors in connection with the actions of US Recovery and has thereby ratified the acts of its agent, Defendant US Recovery.

22.     Defendant NCR has received money, directly or indirectly, from the actions of Defendant US Recovery acting in its behalf and NCR has manifested its assent and/or consented to the actions of Defendant US Recovery.

23.     In or around July 2016, Defendant US Recovery itself, and on behalf of Defendant NCR, called Plaintiff regarding an alleged debt from a company called Rushmore Financial demanding payment and being surprised and put under intense pressure by the caller, Plaintiff agreed to make a payment although he was unsure that the debt was valid or that he owed it.

24.     More than five (5) day passed after the initial communication from Defendant US Recovery itself, and on behalf of Defendant NCR, and Plaintiff regarding an alleged debt owed to a Rushmore Financial before Plaintiff received the information required by 15 U.S.C.1692g(a)(1)- (5).

25.     In fact, Plaintiff never received a letter from Defendant US Recovery itself, and on behalf of Defendant NCR, that complied with all requirements of 15 U.S.C.1692g(a)(1)- (5), including, stating the amount of the debt, stating the creditor to whom the alleged debt is owed, stating the right to dispute the validity of the debt within thirty days, stating the right to have verification of the alleged debt mailed to the consumer, and/or stating the name and address of the

original creditor, if different than the current creditor.

26.     This letter Plaintiff received from Defendant US Recovery itself, and on behalf of Defendant NCR, in mid-August 2016 failed to comply with 15 U.S.C.1692g.

27.     In addition to the letter not being sent within five (5) days of the initial communication, the letter was the only communication he received from Defendant US Recovery itself, and on behalf of Defendant NCR, and this letter failed to comply with all requirements of 15 U.S.C.1692g(a)(1)- (5), failing to state the Plaintiff's right to dispute the validity of the debt within thirty days, stating the right to have verification of the alleged debt mailed to the consumer, and/or stating the name and address of the original creditor, if different than the current creditor.

28.     The letter wanted Plaintiff to authorize the debiting of his credit card for installment payments, which Defendants were already debiting his credit card, making Plaintiff very suspicious of the whole operation upon receipt of the letter and causing him to call his bank to cancel payments being debited to his credit card by Defendant US Recovery and/or Defendant NCR.

29.     Plaintiff neither completed the authorization nor sent it back to Defendant US Recovery, however, Defendant US Recovery and/or Defendant NCR began and continued illegally debiting his credit card without Plaintiff's written authorization as required by 15 U.S.C. 1693e.

30.     On December 9, 2016, Plaintiff received a debt collection letter via email from Defendant NCR stating he owed another purported debt.

31.     The December 9, 2016 collection letter claimed Plaintiff owed a debt to a Sovereign Advance in the amount of $677.23 and wanted another authorization to debit his credit card for this debt as well.

32.     The December 9, 2016 collection letter was an initial communication with regard to

this alleged debt.

33.     The collection letter of December 9, 2016, demanded payment of $677.23.

34.     However, the collection letter of December 9, 2016 also failed to comply with 15 U.S.C.1692g(a).

35.     The collection letter of December 9, 2016 also failed to comply with 15 U.S.C.1692g(a) by failing to state the Plaintiff's right to dispute the validity of the debt within thirty days, stating the right to have verification of the alleged debt mailed to the consumer, and/or stating the name and address of the original creditor, if different than the current creditor.

36.     Plaintiff has suffered actual damages as a result of these illegal collection practices violating both the Fair Debt Collection Practices Act, 15 U.S.C. 1692, and the Electronic Transfer of Funds Act, 15 U.S.C. 1693, by Defendants NCR and/or US Recovery in the form of anger, anxiety, emotional distress, fear, frustration, upset, embarrassment, humiliation, amongst other negative emotions, as well as incurring out of pocket costs and attorney fees.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICES ACT 15 U.S.C. §1692 et seq.

37.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

38.     Defendants  Defendants NCR and/or US Recovery, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency illegally failed to  timely provide the information required within five (5) days of the initial communication telephone call violating 15 U.S.C. 1692g as to the July 2016 call and mid-August 2016 letter.

39.     Defendants  Defendants NCR and/or US Recovery, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency illegally failed to ever provide several required provisions - the Plaintiff's right to dispute the validity of the debt within thirty days, stating the right to have verification of the alleged debt mailed to the consumer, and/or stating the name and address of the original creditor, if different than the current creditor - as to both the mid-August 2016 letter and the December 9, 2016 letter in violation of 15 U.S.C. 1692g.

40.     All actions taken herein by Defendants NCR and US Recovery were done with reckless disregard, willfully, and/or with malice, and were done with either the desire to abuse, annoy, harass, and oppress Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FDCPA and/or that they knew or should have known that their actions were in reckless disregard of the FDCPA.

41.     Defendants NCR and US Recovery's violations of the FDCPA proximately caused the injuries and damages to Plaintiff as set forth in this Complaint, including actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions, as well as incurring out of pocket costs and attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendants NCR and US Recovery , jointly and severally, for statutory, actual, compensatory and/or punitive damages in an amount to be determined by the trier of fact, plus attorney's fees, interest from the date of injury, and the costs and expenses of this proceeding.  Further, Plaintiff prays for further and other just and equitable relief.

**COUNT II**
**NEGLIGENT, RECKLESS, WANTON, MALICIOUS**
**AND/OR INTENTIONAL CONDUCT**

42.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

43.     Defendants NCR and US Recovery owed a duty to Plaintiff not engage in the unlawful and illegal practices enumerated in this complaint in violation of state and/or federal law.

44.     Defendants NCR and US Recovery had a duty under Alabama law to act reasonably under the circumstances.

45.     Defendants NCR and US Recovery violated this duty under Alabama law by failing to provide Plaintiff information required by law and by illegally debiting Plaintiff's credit card in violation of state and/or federal law.

46.     Defendants NCR and US Recovery each violated its duties to Plaintiff and such violations were made intentionally, recklessly, with reckless disregard, willfully, wantonly, maliciously, and/or negligently as each Defendant refused to comply with all the duties that Defendants had.

47.     Plaintiff has been damaged as a proximate result of Defendants' NCR and US Recovery wrongful conduct, jointly and severally, as set forth in this Complaint, including, but not limited to, Plaintiff suffered actual damages for worry, anger frustration, loss of sleep, anxiety, mental suffering, pain, and anguish in addition to out of pocket costs and attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendants NCR and US Recovery jointly and severally, for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.   Further, Plaintiff prays for further and other just and equitable relief.

## COUNT III

## NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION
## OF EMPLOYEES AND/OR AGENTS

48.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

49.     Defendants NCR and US Recovery negligently, wantonly, willfully, recklessly, and/or intentionally hired, retained, and/or supervised incompetent personnel, who were allowed or encouraged to violate the law as was done to Plaintiff as stated throughout this Complaint, including failing to provide Plaintiff information required by law and by illegally debiting Plaintiff's credit card and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

50.     Defendants', NCR and US Recovery, employees, agents, and/or representatives committed the violations of state and/or federal law as set forth in this Complaint.

51.     Defendants NCR and US Recovery were negligent or wanton in the hiring, training, and/or supervision of its employees and/or agents.

52.     The employees and/or agents of Defendants NCR and US Recovery while acting in furtherance of each one's employment or agency by contacting Plaintiff when they knew, or should have known, that the actions described herein violated state and/or federal law, was performed in the line and scope of each one's respective employment or agency, and each was incompetent to perform his/her duties and Defendants did know, or should have known, of such incompetence.

53.     The negligent or wanton conduct of those employees and/or agents of Defendants NCR and US Recovery while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to and/or proximately

caused Plaintiff to suffer damages as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants NCR and US Recovery, jointly and severally, for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.   Further, Plaintiff prays for further and other just and equitable relief.

**COUNT IV**

**CLASS CLAIMS AGAINST DEFENDANT NATIONAL CHECK RESOLUTION INC. FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 et seq.**
**Class Action Allegations**

54.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

55.    Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the United States.

56.    Upon information and belief, pursuant to a uniform policy and procedure, NCR and/or its authorized agents, including, but not limited to Defendant US Recovery, violated the FDCPA by failing to timely provide all the information required by the FDCPA within five (5) days of the initial communication telephone call in violation of 15 U.S.C. 1692g.

57.    Upon information and belief, pursuant to a uniform policy and procedure, NCR and/or its authorized agents, including, but not limited to Defendant US Recovery, violated the FDCPA by failing to provide several required provisions in letters to Plaintiff's, including, the right

to dispute the validity of the debt within thirty days, stating the right to have verification of the

alleged debt mailed to the consumer, and/or stating the name and address of the original creditor, if

different than the current creditor in violation of 15 U.S.C. 1692g(3)-(5).

58.     Upon information and belief, NCR and/or its authorized agents, including, but not

limited to Defendant US Recovery have called hundreds, and potentially thousands, of consumers

regarding an alleged debt but failing provide all the information required by the FDCPA within five

(5) days of the initial communication telephone call in violation of 15 U.S.C. 1692g.

59.     Upon information and belief, pursuant to a uniform policy and procedure,

NCR and/or its authorized agents, including, but not limited to Defendant US Recovery, have sent

collection letters to hundreds, and potentially thousands, of consumers which violated the FDCPA

by failing to provide several required provisions in letters to Plaintiffs, including, the right to dispute

the validity of the debt within thirty days, stating the right to have verification of the alleged debt

mailed to the consumer, and/or stating the name and address of the original creditor, if different than

the current creditor in violation of 15 U.S.C. 1692g(3)-(5).

60.     The classes of persons Plaintiff proposes to represent include:

(1)

All persons or entities within the United States who, within the statutorily allowed time prior

to the filing of the Complaint, received telephone calls from Defendant NCR and/or its

authorized agents, including, but not limited to Defendant US Recovery, for the purpose of

collecting upon a debt in which Defendant provide all the information required by the FDCPA

within five (5) days of the initial communication telephone call in violation of 15 U.S.C.

1692g.

(2)

All persons or entities within the United States who, within the statutorily allowed time period prior to the filing of the Complaint, received collection letters from Defendant NCR and/or its authorized agents, including, but not limited to Defendant US Recovery, which violated the FDCPA by failing to provide several required provisions in letters to Plaintiffs, including, the right to dispute the validity of the debt within thirty days, stating the right to have verification of the alleged debt mailed to the consumer, and/or stating the name and address of the original creditor, if different than the current creditor in violation of 15 U.S.C. 1692g(3)-(5).

61.     The classes defined above are identifiable by phone records, phone number databases, and Defendants' records.  On information and belief, the potential class members number in the hundreds, and possibly thousands, and constitute a class so numerous that joinder of all class members is impracticable.

62.     Plaintiff is a member of the class.

63.     There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a.     Whether Defendant violated the FDCPA by making telephone calls to collect upon a debt in which Defendant b failing to provide all the information required by the FDCPA within five (5) days of the initial communication telephone call in violation of 15 U.S.C. 1692g.;

b.     Whether Defendant violated the FDCPA by failing to provide several required provisions in letters to Plaintiffs, including, the right to dispute the validity of the debt within thirty days, stating the right to have verification of the alleged debt mailed to the consumer, and/or stating

the name and address of the original creditor, if different than the current creditor in violation of 15 U.S.C. 1692g(3)-(5).

        c.      Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of Defendant's actions.

64.      Plaintiff's claims are typical of the claims of the class.

65.      Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the class, and he will fairly and adequately protect the interests of the class.

66.      Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

67.      The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

68.      Plaintiff is capable of and is willing to represent the other members of the class.

### Legal Claims

*First Class Claim - Failure to Provide the Written Notice Required by 15 U.S.C. 1692g*

69.      Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

70.      The FDCPA requires debt collectors to provide certain required written information under the FDCPA within five (5) days of an initial communication, which includes a telephone call, to the consumer to collect upon a debt. 15 U.S.C. 1692g

71.    The FDCPA requires debt collectors to provide certain written information within five (5) days of the initial communication, to-wit: the amount of the debt; the name of the creditor to whom the debt is owed; the right to dispute the validity of the debt within thirty days; the right to have verification of the alleged debt mailed to the consumer; and stating the name and address of the original creditor, if different than the current creditor in violation of 15 U.S.C. 1692g(1)-(5).

.    72.    Defendant NCR and/or its authorized agents, including, but not limited to Defendant US Recovery, violated the FDCPA by failing to provide certain required written information under the FDCPA within five (5) days of an initial communication, which includes a telephone call, to the consumer to collect upon a debt.

73.    Defendant NCR and/or its authorized agents, including, but not limited to Defendant US Recovery, violated the FDCPA by failing to provide several required provisions in letters to Plaintiffs, including, the right to dispute the validity of the debt within thirty days, stating the right to have verification of the alleged debt mailed to the consumer, and/or stating the name and address of the original creditor, if different than the current creditor in violation of 15 U.S.C. 1692g(3)-(5).

74.    Defendant has, therefore, violated the FDCPA, 15 U.S.C. §1692g.

75.    As a result of Defendant's illegal conduct as alleged herein, the members of the class suffered damages and, under 15 U.S.C. §1692k, are each entitled, inter alia, to a damages for each such violation of the FDCPA.


*Second Class Claim - Injunctive Relief*

76.    Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

77.    Defendant NCR and/or its authorized agents, including, but not limited to Defendant US Recovery, its vendors, or contractors have possession, custody and control of the business records, databases, computer systems and other information and equipment necessary to identify the members of the class, including but not limited to the names, addresses, telephone numbers, and recordings of the calls it made to the class members. Unless immediate injunctive relief is ordered, Defendants their authorized agents, vendors, or contractors may alter, erase, delete, destroy or otherwise dispose of and remove such systems, records and equipment. For this reason, Plaintiff is entitled to an order prohibiting and enjoining Defendant, its authorized agents, vendors, or contractors from altering, deleting, destroying or otherwise disposing of any documents, records, databases or computer systems that are necessary to identify the members of the class.

78.    The Plaintiff, acting on behalf of the Class, respectfully petitions this Court to order Defendant NCR and/or its authorized agents, including, but not limited to Defendant US Recovery, including, but not limited to its employees, agents and/or other affiliates, to immediately cease the actions described in the class claims as violating the FDCPA.

### Relief Sought

79.    Plaintiff, on behalf of himself and the Class, prays for the following relief:

1.    An order certifying the Class as defined above;

2.    An injunction requiring Defendant to cease all illegal activity described in these class claims which violate the FDCPA;

3.    An order preliminarily and permanently enjoining Defendant from engaging in the practices challenged herein;

4.    Damages to each class member for violation of the FDCPA;

5.      Reasonable attorneys' fees and costs; and

6.      Such further and other relief the Court deems appropriate.


**COUNT V**
**CLASS CLAIMS AGAINST DEFENDANT NATIONAL CHECK RESOLUTION INC.**
**FOR VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT**
**15 U.S.C. §1693 et seq.**
**Class Action Allegations**


80.     All paragraphs of this Complaint are expressly adopted and incorporated by

reference as if fully set forth herein.

81.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil

Procedure on behalf of a class of all other persons or entities similarly situated throughout the United

States.

82.     Upon information and belief, pursuant to a uniform policy and procedure,

NCR and/or its authorized agents, including, but not limited to Defendant US Recovery, violated the

EFTA by failing to obtain written authorization prior to debiting Plaintiff's credit card in violation of

15 U.S.C. 1693e.

83.     Upon information and belief, NCR and/or its authorized agents, including, but not

limited to Defendant US Recovery, have debited hundreds, and potentially thousands, of consumers'

credit or debit cards without obtaining written authorization to do so in violation of 15 U.S.C. 1693e.


84.     The classes of persons Plaintiff proposes to represent include:

All persons or entities within the United States who, within the statutorily allowed

time prior to the filing of the Complaint, had their credit or debit card debited prior

to Defendant NCR and/or its authorized agents, including, but not limited to Defendant US Recovery, obtaining written authorization prior to debiting the consumer's card.

85.     The classes defined above are identifiable by phone records, phone number databases, and Defendants' records. On information and belief, the potential class members number in the hundreds, and possibly thousands, and constitute a class so numerous that joinder of all class members is impracticable.

86.     Plaintiff is a member of the class.

87.     There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

        a.      Whether Defendant violated the EFTA by debiting consumers' credit or debit cards prior to obtaining written authorization to debit their card in violation of 15 U.S.C. 1693e;

        b.      Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of Defendant's actions.

88.     Plaintiff's claims are typical of the claims of the class.

89.     Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the class, and he will fairly and adequately protect the interests of the class.

90.     Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

91.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

92.     Plaintiff is capable of and is willing to represent the other members of the class.

## Legal Claims

*First Class Claim - Failure to Written Authorization Required by 15 U.S.C. 1693e*

93.     Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

94.     The EFTA requires an entity arranging a preauthorized transfer from a consumer's account to obtain written authorization prior to debiting the consumer's credit or debit card. 15 U.S.C. 1693e

95.     Defendant NCR and/or its authorized agents, including, but not limited to Defendant US Recovery, failed to obtain the required written authorization prior to debiting the consumer's credit or debit card thus violating the EFTA.

96.     Defendant has, therefore, violated the EFTA, 15 U.S.C. §1693e.

97.     As a result of Defendant's illegal conduct as alleged herein, the members of the class suffered damages and, under 15 U.S.C. §1693m, are each entitled, inter alia, to a damages for each such violation of the FDCPA.

## Relief Sought

98.     Plaintiff, on behalf of himself and the Class, prays for the following relief:

1.      An order certifying the Class as defined above;

2.      An injunction requiring Defendant to cease all illegal activity described in these class claims which violate the EFTA;

3.       An order preliminarily and permanently enjoining Defendant from engaging

in the practices challenged herein;

4.       Damages to each class member for violation of the EFTA;

5.       Reasonable attorneys' fees and costs; and

6.       Such further and other relief the Court deems appropriate.


　　　　　　　　　　　　　　s/Wesley L. Phillips
　　　　　　　　　　　　　　Wesley L. Phillips (PHI053)
　　　　　　　　　　　　　　Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**


　　　　　　　　　　　　　　s/Wesley L. Phillips
　　　　　　　　　　　　　　OF COUNSEL

**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS
FOLLOWS:**

National Check Resolution Inc.
Corporation Service Company
40 Technology Parkway South, #300
Norcross, Georgia 30092